# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANDREW SHURE, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW M. SAUL, Commissioner )<br>of Social Security, )<br>)<br>    Defendant. ) | Case No. 4:20-CV-468-ERW |

## **MEMORANDUM AND ORDER**

This is an action under Title 42 U.S.C. §§ 405(g) for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying the claim of Andrew Shure ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* Plaintiff has filed a brief in support of the Complaint (ECF No. 16) and Defendant has filed a brief in support of the Answer (ECF No. 19). Because the Commissioner's final decision is not supported by substantial evidence on the record as a whole, the Court will reverse the decision and remand the matter to the Commissioner for further proceedings.

## I. Procedural History

Plaintiff filed his application for DIB under Title II of the Social Security Act on April 18, 2018, alleging disability beginning January 31, 2013 due to post-traumatic stress disorder ("PTSD"); schizoaffective disorder; severe depression; anxiety; Raynaud's disease; high blood pressure; and back problems. (ECF No. 9-3, Transcript ("Tr.") 55). Plaintiff was initially denied relief on September 5, 2018. (Tr. 54-60). At Plaintiff's request, a hearing was held before an Administrative Law Judge ("ALJ") on November 18, 2019 at which Plaintiff and a vocational expert testified. (Tr. 23-53). By decision dated December 31, 2019 the ALJ found Plaintiff was

not disabled. (Tr. 10-19). On January 10, 2020, Plaintiff filed a request for review of the ALJ's decision (Tr. 162-63, 251-52) and on February 24, 2020, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Tr. 1-6). Thus, the ALJ's decision stands as the final decision of the Commissioner.

In this action for judicial review, Plaintiff claims the ALJ's decision is not supported by substantial evidence on the record as a whole. Specifically, Plaintiff argues the ALJ failed to fully and fairly develop the record.

## II. Medical Records and Other Evidence before the ALJ

The ALJ stated she made her decision after fully considering all medical opinions and prior administrative medical findings in Plaintiff's case as follows:

> The prior administrative medical findings at Exhibit 1A are not persuasive. They indicate that there is insufficient evidence for both mental and physical impairments. However, this is inconsistent with the current record, which includes evidence received at the hearing level, including the claimant's testimony, which provides sufficient evidence to determine his mental and physical functioning prior to his date last insured. Further, the prior administrative medical findings are not supported by other opinions of record, as no other doctor of record has indicated that there was insufficient evidence.

(Tr. 17). The medical finding in Exhibit 1A which was referenced by the ALJ was the prior administrative decision regarding Plaintiff's original request for a disability determination. (Tr. 54-60). In addition to the claimant's testimony, the ALJ received over 750 pages of medical records from the John Cochran Veteran's Administration Medical Center. (Tr. 253-1098).

With respect to the medical records and other evidence of record, the Court notes neither Plaintiff nor the Commissioner filed a Statement of Uncontroverted Facts. However, both Plaintiff's and Commissioner's Briefs thoroughly summarize Plaintiff's hearing testimony and the medical evidence in the record, which the Court adopts. (ECF Nos. 16 and 18). Together, evidence set forth in both Briefs provide a fair and accurate description of the relevant record

2

before the Court. Additional specific facts will be discussed as needed to address the parties' arguments.

### III. Discussion

#### A. <u>Legal Standard</u>

To be eligible for disability insurance benefits under the Social Security Act, Plaintiff must prove he is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Secretary of Health & Human Servs.,* 955 F.2d 552, 555 (8th Cir. 1992). The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual will be declared disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920(a), 404.1520(a). "'If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled.'" *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590–91 (8th Cir. 2004)). First, the claimant must not be engaged in "substantial gainful activity." 20 C.F.R. §§ 416.920(a), 404.1520(a).

Second, the claimant must have a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 416.920(c), 404.1520(c). "'The sequential evaluation

3

process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his] ability to work.'" *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001)).

Third, the claimant must establish his impairment meets or equals an impairment listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. *Id.*

Before considering step four, the ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is defined as "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (citing 20 C.F.R. § 404.1545(a)(1)). At step four, the ALJ determines whether the claimant can return to his past relevant work by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011). If the claimant can still perform past relevant work, he will not be found to be disabled; if the claimant cannot, the analysis proceeds to the next step. *McCoy*, 648 F.3d at 611.

At step five, the ALJ considers the claimant's RFC, age, education, and work experience to see if the claimant can make an adjustment to other work in the national economy. 20 C.F.R. §§ 416.920(a)(4)(v). If the claimant cannot make an adjustment to other work, then he will be found to be disabled. 20 C.F.R. §§ 416.920(a)(4)(v), 404.1520(a)(4)(v). Through step four, the burden remains with the claimant to prove he is disabled. *Brantley v. Colvin*, No. 4:10CV2184 HEA, 2013 WL 4007441, at *3 (E.D. Mo. Aug. 2, 2013) (citation omitted). At step five, the burden shifts to the Commissioner to establish the claimant maintains the RFC to perform a

significant number of jobs within the national economy. *Id.* "The ultimate burden of persuasion to prove disability, however, remains with the claimant." *Meyerpeter v. Astrue*, 902 F. Supp. 2d 1219, 1229 (E.D. Mo. 2012) (citations omitted).

The Court must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion. *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001). Determining whether there is substantial evidence requires scrutinizing analysis. *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007).

The Court must consider evidence which supports the Commissioner's decision as well as any evidence that fairly detracts from the decision. *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010). If, after reviewing the entire record, it is possible to draw two inconsistent positions and the Commissioner has adopted one of those positions, the Court must affirm the Commissioner's decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012). The Court may not reverse the Commissioner's decision merely because substantial evidence could also support a contrary outcome. *McNamara*, 590 F.3d at 610.

### B. The ALJ's Decision

The ALJ's Decision conforms to the five-step process outlined above. The ALJ found Plaintiff met the insured status requirements of the Social Security Act on March 31, 2018, and he had not engaged in substantial gainful activity since January 31, 2013, the onset date. (Tr. 12). The ALJ found Plaintiff had the following severe impairments: obesity; degenerative disc disease of the lumbar spine with radiculopathy, status post laminectomy; Raynaud's syndrome; schizoaffective disorder, depressive type; major depressive disorder; personality disorder; and

5

anxiety disorder. (Tr. 12).[1]  While the ALJ found those impairments to be severe, she found the impairments did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13). Specifically, the ALJ analyzed Plaintiff's eligibility for Listings 1.04, 12.03, 12.04, 12.06, 12.08, and 14.04. (Tr. 13).

The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform "light work, as long as he could switch positions every 30 minutes." (Tr. 15). Specifically, the ALJ found:

> After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity lift and carry up to 10 pounds frequently and 20 pounds occasionally, stand and/or walk up to 6 hours in an 8 hour workday, and sit up to 6 hours in an 8 hour workday. The claimant needed the opportunity to alternate between sitting and standing every 30 minutes for a 3 to 5 min period to adjust positions without leaving the workstation. He needed to avoid exposure to extreme cold and extreme heat. Regarding his mental impairments, the claimant had the ability to concentrate, persist, and remain on task and pace, and adapt to simple, routine, and repetitive tasks, which might require detailed instructions, but do not involve complex tasks. The claimant could concentrate, persist, and remain on task and pace to adapt to work in an environment free of fast-paced production requirements and that involved only simple, work-related decisions with few, if any, work place changes. He could have no public interaction, but could work around co-workers but with only occasional interaction with co-workers and supervisors.

(Tr. 14).

In making this finding, the ALJ summarized selected portions of Plaintiff's medical records, as well as Plaintiff's own statements regarding his abilities, symptoms, and activities of daily living. While the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms, the ALJ further determined Plaintiff's

---

[1] The ALJ additionally found Plaintiff's sleep apnea, gastroesophageal reflux disease ("GERD"), and hypertension were non-severe. (Tr. 12). Plaintiff does not challenge the physical findings.

6

statements about the intensity, persistence and limiting effects of the symptoms were not entirely consistent with the medical evidence in the record. (Tr. 17).

The ALJ determined Plaintiff was unable to perform any of his past relevant work. (Tr. 17). However, based on his age, education, work experience, RFC, and VE testimony, the ALJ concluded Plaintiff could perform work existing in significant numbers in the national economy, and specifically, as a housekeeper/cleaner, mail sorter, and collator operator. (Tr. 18). The ALJ therefore found Plaintiff was not under a disability from January 31, 2013, the onset date, through March 31, 2018, the date last insured. (Tr. 19).

C. **Analysis**

In his Brief to this Court, Plaintiff argues the ALJ failed to fully and fairly develop the record. Plaintiff claims the ALJ erred in developing the record because the record does not contain any medical evidence which addresses Plaintiff's ability to function in the workplace and which supports the RFC assessment during the period of disability.

A claimant's RFC is the most he can do, despite his physical or mental limitations. *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). The ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence in the record, including medical records, the observations of treating physicians and others, and the claimant's own description of his symptoms and limitations. *Goff*, 421 F.3d at 793; *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); 20 C.F.R. §§ 404.1545(a), 416.945(a). Accordingly, when determining a claimant's RFC, the ALJ must necessarily evaluate the consistency of the claimant's subjective complaints with the evidence of record. *Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir. 2007); *Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005). In addition, because a claimant's RFC is a medical question, "the ALJ should obtain medical evidence that addresses the claimant's ability to function in the workplace." *Hutsell v.*

7

*Massanari*, 259 F.3d 707, 712 (8th Cir. 2001) (internal quotation marks and citation omitted). Some medical evidence must support the ALJ's RFC determination. *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010); *Hutsell*, 259 F.3d at 711-12. "An ALJ must not substitute his opinions for those of the physician." *Finch v. Astrue*, 547 F.3d 933, 938 (8th Cir. 2008) (quoting *Ness v. Sullivan*, 904 F.2d 432, 435 (8th Cir. 1990)).

For purposes of social security analysis, a "symptom" is an individual's own description or statement of his physical or mental impairment(s). [2] SSR 16-3p, 2017 WL 5180304, at *2 (Soc. Sec. Admin. Oct. 25, 2017) (republished). If a claimant makes statements about the intensity, persistence, and limiting effects of his symptoms, the ALJ must determine whether the statements are consistent with the medical and other evidence of record. *Id.* at *8.

When evaluating a claimant's subjective statements about symptoms, the ALJ must consider all evidence relating thereto, including the claimant's prior work record and third party observations as to his daily activities; the duration, frequency and intensity of the symptoms; any precipitating and aggravating factors; the dosage, effectiveness and side effects of medication; and any functional restrictions. *Halverson v. Astrue*, 600 F.3d 922, 931 (8th Cir. 2010); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). If the ALJ finds the statements inconsistent with the evidence of record, she must make an express determination and detail specific reasons for the weight given the claimant's testimony. SSR 16-3p, 2017 WL 5180304, at *10; *Renstrom v. Astrue*, 680 F.3d 1057, 1066 (8th Cir. 2012). Further, "'for a claimant to show that his

---

[2] The Social Security Administration issued a new ruling that eliminates the use of the term "credibility" when evaluating a claimant's subjective statements of symptoms, clarifying that "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2017 WL 5180304, at *2 (Soc. Sec. Admin. Oct. 25, 2017) (republished). The factors to be considered in evaluating a claimant's statements, however, remain the same. *See id.* at *13 ("Our regulations on evaluating symptoms are unchanged."). *See also* 20 C.F.R. §§ 404.1529, 416.929. This new ruling applies to final decisions of the Commissioner made on or after March 28, 2016.

8

impairment matches a listing, it must meet all of the specified medical criteria.'" *Jones v. Astrue*, 619 F.3d 963, 969 (8th Cir. 2010) (quoting *Brown ex rel. Williams v. Barnhart,* 388 F.3d 1150, 1152 (8th Cir.2004) (internal quotations and citation omitted)).

"Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case." *Vossen*, 612 F.3d at 1016 (quoting *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004)). "Failing to develop the record is reversible error when it does not contain enough evidence to determine the impact of a claimant's impairment on [his] ability to work." *Combs v. Berryhill*, 878 F.3d 642, 647 (8th Cir. 2017) (citing *Byes v. Astrue*, 687 F.3d 913, 915-16 (8th Cir. 2012)).

Here, the ALJ found that Plaintiff's mental impairment did not meet or medically equal the criteria for listing 12.03, 12.04, 12.06, 12.08, or 14.04. (Tr. 13-14).[3] The ALJ then evaluated Plaintiff's statements regarding his symptoms and assessed Plaintiff's RFC. (Tr. 14). The ALJ made specific findings Plaintiff's claimed symptoms were inconsistent with the record. (Tr. 15-17). Specifically, the ALJ found Plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms to be not entirely consistent with the evidence. (Tr. 17).

However, as raised by Plaintiff, the ALJ failed to calculate into Plaintiff's RFC how Plaintiff's severe mental impairments would affect his reliability when appearing for work and when completing tasks at work. In *Hunt v. Massanari*, 250 F.3d 622, 625 (8th Cir. 2001) the Court wrote: "A hypothetical question posed to the vocational expert is sufficient if it sets forth impairments supported by substantial evidence in the record and accepted as true by the ALJ. ... The hypothetical question must capture the concrete consequences of the claimant's deficiencies.

---

[3] This Court is only addressing the claim Plaintiff raised in his Brief, which only took issue with the ALJ finding he was not disabled by way of his mental impairments.

9

... Likewise, the ALJ may exclude any alleged impairments that she has properly rejected as untrue or unsubstantiated." (internal citations omitted).

Plaintiff testified at the hearing he had difficulty leaving his house as few as around 3 days to as many as around 5 days per week. (Tr. 35). He further testified the mother of his children would change visitation days if Plaintiff was experiencing stress. (Tr. 38). Regarding his family vacation overseas, Plaintiff testified there were a couple of days when he stayed behind at the hotel because of mental difficulties. (Tr. 43). It appears from the hearing transcript the ALJ was concerned Plaintiff's mental impairments may affect his ability to report to a job regularly, as the ALJ posed the following hypothetical to the VE at the hearing:

> Q: Okay. And how many unexcused or unscheduled absences do employers customarily permit their employees per month?
>
> A: It's my professional opinion, as the DOT does not address absenteeism, that individuals who miss two or more workdays per month are not able to maintain competitive employment.

(Tr. 48). Despite posing this question at the hearing, the decision from the ALJ does not include this information in calculating Plaintiff's RFC.

Because the ALJ's determination of Plaintiff's RFC is not supported by substantial evidence, the Court will remand the case for determination of Plaintiff's RFC taking into consideration the complications such as absenteeism caused by his mental impairments. *See Rhines v. Harris*, 634 F.2d 1076, 1079 (8th Cir. 1980) (quoting *Celebreeze v. Bolas*, 316 F.2d 498, 501 (8th Cir. 1963) ("Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available.").

## IV. Conclusion

For the reasons set forth above, the ALJ's decision is not supported by substantial evidence on the record as a whole. The Court therefore reverses the Commissioner's final decision and remands this matter for further proceedings.

Upon remand, the Commissioner may provide the parties with an opportunity to submit additional medical evidence which addresses Plaintiff's ability to function in the workplace in light of his mental impairments. The Commissioner also may order a consultative examination and additional examinations to assist in making an informed decision regarding the effects of schizoaffective disorder on Plaintiff's ability to function in the workplace and regarding whether Plaintiff meets Listing 12.03.

Accordingly,

**IT IS HEREBY ORDERED** that that the decision of the Commissioner is reversed, and Plaintiff Andrew Shure's complaint is remanded for further proceedings.

A separate Judgment is entered herewith.

Dated this 21st day of June, 2021.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE